■ MABEL MARTIN, Respondent, v. WASHINGTON CEMETERY et al., Respondents, and ROBERT GETTINGER et al., Appellants.— Appeal from an order of the Supreme Court, Kings County, dated September 13, 1971, which granted petitioner's application for an order of disinterment. Order reversed on the law and the facts and in the interests of justice, and petition dismissed, without costs. This proceeding to compel the disinterment of a deceased infant from a family burial plot was commenced more than a year after the burial. Appellant Robert Gettinger had at least a presumptive right, through his father and grandfather (there having been no specific devise of the plot), to bury his child therein (Not-For-Profit Corporation Law, § 1401, subd. [v], par. [6]). Petitioner did not establish that such burial would prejudice her rights with respect to the plot. In any event, petitioner's delay in the commencement of

the action, during which time the parents contracted for the placing of a headstone on the gravesite, bars the granting of the relief sought. This is not a case in which equitable considerations or the exercise of a sound discretion militate in favor of disinterment (cf. *Matter of Currier* [*Woodlawn Cemetery*], 300 N. Y. 162; *Yome* v. *Gorman*, 242 N. Y. 395; *Matter of Evergreen Cemetery Assn.* v. *Jurgensen*, 34 A D 2d 709). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.